UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIKEAL JAMES FRANCE, | ) |
| Petitioner, | ) |
| v. | ) No. 4:12CV128 MLM |
| STATE OF MISSOURI, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254.  Because the petition appears to be untimely, the Court will order petitioner to show cause why the petition should not be summarily dismissed.

In 2001, petitioner pled guilty in three cases to passing bad checks and felony stealing.  On October 22, 2001, the trial court sentenced petitioner to an aggregate prison term of twenty years.  The court suspended the execution of the sentence and placed petitioner on parole.  Petitioner did not appeal the sentence or file a timely motion for postconviction relief.

The court revoked petitioner's parole on April 16, 2009.  Petitioner subsequently filed a motion for postconviction relief under Missouri Rule 24.035, which was denied without a hearing.  Petitioner appealed, and the Missouri Court of Appeals affirmed the lower court on September 13, 2011.  Petitioner is currently

incarcerated at South Central Correctional Center, where Michael Bowersox is Warden.

In the instant petition, petitioner argues that his guilty plea was unknowing and involuntary.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under Missouri law a suspended execution of sentence is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. E.g., State v. Nelson, 9 S.W.3d 687, 688 (Mo. Ct. App. 1999). The time for filing a direct appeal of the judgment expired ten days after the judgment was entered. Mo. Sup. Ct. R. 30.01(d). As a result, petitioner's judgment became final on November 1, 2001. Because petitioner did not file an appeal or motion for postconviction relief within the one-year period, the limitations period for filing a federal habeas petition expired on November 1, 2002. The petition is, therefore, time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause no later than twenty-eight (28) days from the date of this order why his petition should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall substitute Michael Bowersox for the State of Missouri as respondent in this action.

Dated this 26th day of January, 2012.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE