UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIKEAL JAMES FRANCE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:12CV128 MLM |
| ) | |
| STATE OF MISSOURI, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254. The Court previously informed petitioner that his petition appeared to be time-barred, and the Court gave him and opportunity to respond. After reviewing petitioner's response, the Court finds that the petition must be dismissed as untimely.

In 2001, petitioner pled guilty in three cases to passing bad checks and felony stealing. On October 22, 2001, the trial court sentenced petitioner to an aggregate prison term of twenty years. The court suspended the execution of the sentence and placed petitioner on parole. Petitioner did not appeal the sentence or file a timely motion for postconviction relief.

The court revoked petitioner's parole on April 16, 2009. Petitioner subsequently filed a motion for postconviction relief under Missouri Rule 24.035, which was denied without a hearing. Petitioner appealed, and the Missouri Court of

Appeals affirmed the lower court on September 13, 2011. Petitioner is currently incarcerated at South Central Correctional Center, where Michael Bowersox is Warden.

In the instant petition, petitioner argues that his guilty plea was unknowing and involuntary.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under Missouri law a suspended execution of sentence is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. E.g., State v. Nelson, 9 S .W.3d 687, 688 (Mo. Ct. App. 1999); see Crawley v. Moore, 2007 WL 2811088 *3 (E.D. Mo. 2007). The time for filing a direct appeal of the judgment expired ten days after the judgment was entered. Mo. Sup. Ct. R. 30.01(d). As a result, petitioner's judgment became final on November 1, 2001. Because petitioner did not file an appeal or motion for postconviction relief within the one-year period, the limitations period for filing a federal habeas petition expired on November 1, 2002. The petition is, therefore, time-barred.

Petitioner requests that the Court "waive" the limitations period because at the time of his sentencing he was not advised his classification as a prior and persistent offender "was enhancing [his] back-up maximum sentence from 7 years to 20 years."

The Court does not have the authority to waive the statute of limitations. Nor does petitioner present grounds that would warrant equitable tolling. See, e.g., Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) ("Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling."). As a result, the Court will dismiss the petition without further proceedings.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petition is untimely. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 10th day of February, 2012.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE